IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BROOKE JEFFRESS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| OCWEN FINANCIAL CORPORATION | : | NO. 15-6330 |

MEMORANDUM

Dalzell, J.                                                                                             May 26, 2016

## I.      Introduction

We consider here defendant Ocwen Financial Corporation's ("Ocwen") motion to strike plaintiff's jury demand. Plaintiff Brooke Jeffress is suing her former employer for racial discrimination and retaliation in alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq, the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act, 43 P.S. § 951 et. seq. Ocwen moves to strike Jeffress's jury trial demand because she signed a Pre-Dispute Agreement (the "Agreement") waiving her right to a jury trial in any employment-related dispute with it. Jeffress opposes Ocwen's motion because she believes the Agreement is not a valid, enforceable contract and that her waiver was neither knowing nor voluntary.

## II.     Standard of Review

Broadly, the Seventh Amendment preserves the right to a jury trial in civil cases. U.S. Const. amend. VII. See also Fed. R. Civ. P. 38(a). But a party may waive this right. In re City of Phila. Litig., 158 F.3d 723, 726 (3d Cir. 1998) (citing United States v. Moore, 340 U.S. 616, 621 (1951)). When a party demands a jury trial, the action is designated as such on the docket, and the trial must be by jury unless the parties stipulate to a non-jury trial or the court finds that there

is no federal right to a jury trial. Fed. R. Civ. P. 39(a). A party may move to strike a jury demand at any time under Rule 39(a). <u>Tracinda Corp. v. DaimlerChrysler AG</u>, 502 F.3d 212, 227 (3d Cir. 2007). We briefly recite the facts relevant to Ocwen's motion to strike Jeffress's jury demand.

**III.    Factual Background**

As part of its January 31, 2013 acquisition of Residential Capital, LLC ("ResCap"), Ocwen extended offers of employment to existing ResCap employees -- including Jeffress. Def.'s Mem. at 1; Pl.'s Mem. at 3. Ocwen claims that on January 16, 2013 it sent Jeffress an employment offer letter and the Agreement for her review. Def.'s Mem. at 1-2. Jeffress claims that on January 18, 2013 her supervisor at ResCap gave her an envelope containing several documents and requested that she sign and return them by the end of the day. Pl.'s Mem. at 3. Those documents included her employment offer letter and the Agreement. <u>Id.</u> Regardless of how Jeffress received the Agreement, the parties agree that she signed and returned it on January 18, 2013 and Ocwen hired her after it acquired ResCap. <u>Id.</u> at 4; Def.'s Mem. at 2.

The Agreement provides:

> As a condition of my employment with Ocwen Financial Corporation, or its subsidiaries and affiliates, located in the continental United States (hereinafter "Ocwen"), I agree to waive my right to a jury trial with respect to any claims, controversies or disputes which arise out of or relate to my employment with Ocwen or separation therefrom. Ocwen agrees to waive any right which it may have to receive a trial by jury in any action or proceeding related to my employment.
>
> Both Ocwen and I agree that all disputes relating to my employment with Ocwen or separation there from [sic] shall be decided by the Federal or state court which has jurisdiction in the geographic area where I am employed by Ocwen. This shall also apply as to where an appeal may be taken.
>
> I understand that I am waiving my right to a jury trial voluntarily and knowingly, and free from duress or coercion. I acknowledge

> that I have had adequate opportunity to review this document and
> to consult with an attorney or other person(s) of my choosing,
> before signing this document.

Def.'s Mot. Ex. 2; Pl.'s Mot. Ex. C. The Agreement was on a single page, in readable font, and printed on Ocwen letterhead. Id. Jeffress printed her name, signed her name, and dated the Agreement in the signature block. Id. There was also a signature line with "By: Ocwen Financial Corporation, its subsidiaries and/or affiliates" beneath it, but no signature. Id.

Ocwen has no record of Jeffress either attempting to negotiate the Agreement (although she was free to do so) or any record that she tried to revoke it. Def.'s Mot. Ex. 1 (Aff. of Bibi Khan, Human Resources Business Partner for Ocwen) at ¶¶ 7-8. Jeffress avers that no one from ResCap or Ocwen explained the force and effect of the Agreement, recommended she review it with an attorney, said she could make changes or revisions to it, or indicated that she could take her time to review it. Pl.'s Mot. Ex. A (Aff. of Brooke Jeffress) at ¶¶ 6-9. She further avers that she believed she would jeopardize her prospective employment with Ocwen if she did not sign the Agreement. Id. at ¶ 10. If Ocwen did not hire Jeffress, she would be unemployed after its acquisition of ResCap. Id. at ¶ 11. At the time, Jeffress was a divorced, single mother with a young child and trying to buy a house. Id. at ¶ 12.

**IV.    Discussion**

Ocwen argues that the Agreement is enforceable because Jeffress knowingly and voluntarily signed it. Def.'s Mem. at 5. Jeffress responds that the Agreement is not a valid and enforceable contract because Ocwen never signed it, and that, even if the Agreement is a contract, she did not knowingly and voluntarily sign it. Pl.'s Mem. at 7, 16. We consider the parties' arguments.

3

A.     **Whether The Agreement Is A Valid And Enforceable Contract**

Jeffress argues that the Agreement is not enforceable because Ocwen never signed it. Pl.'s Mem. at 7-8. Ocwen responds that its failure to sign the Agreement does not render the Agreement unenforceable because Jeffress signed it and Ocwen manifested its consent to be bound in the plain language of the Agreement when it prepared and placed the Agreement on its letterhead. Def.'s Mem. at 9-10. Ocwen also argues that it unequivocally demonstrated its assent to the Agreement when it hired Jeffress. Id.

In Pennsylvania, a contract is created when there is mutual assent to its terms by parties with the capacity to contract. Shovel Transfer & Storage, Inc. v. Pennsylvania Liquor Control Bd., 739 A.2d 133, 136 (Pa. 1999). As a general rule, signatures are not required unless such signing is expressly required by law or the parties' intent. Id. Courts construe contracts to ascertain and give effect to the parties' intentions, and the intent of the parties to a written contract is contained in the writing itself. Id. at 138. Parties may condition the formation of a contract any way they choose -- including that all parties sign the contract -- but the mere presence of a signature block or signature line is not dispositive as to whether the parties intended to be bound only upon the execution of the document by all the signatories. Id. Rather, courts must inquire as to whether the parties agreed to the terms of the contract and intended to be bound by them. Id.

If a written contract has been signed by only one of the parties, there is still a valid, binding agreement if both parties manifest their assent to its terms and no signature is otherwise expressly required. Daniel Adams Assocs., Inc. v. Rimbach Publ'g, Inc., 519 A.2d 997, 1004 (Pa. Super. Ct. 1987). A contract need only be signed by the party charged so long as both parties accept it and act under its terms. Sullivan v. Allegheny Ford Truck Sales, Inc., 423 A.2d 1292,

4

1295 (Pa. Super. Ct. 1980). The fact that a contract was not read, or hurriedly prepared, or signed in haste, does not provide grounds for reforming or invalidating a contract. Thrasher v. Rothrock, 105 A.2d 600, 604 (Pa. 1954).

The Agreement here is a valid and enforceable contract. Jeffress, the party to be charged, signed it. Sullivan, 423 A.2d at 1295. Ocwen manifested its intent to be bound by the Agreement's terms by drafting it on its letterhead and requesting that Jeffress execute it prior to her employment. Daniel Adams, 519 A.2d at 1004. Notwithstanding a signature line for Ocwen, the Agreement itself does not indicate any intent by the parties to condition the contract's formation on an Ocwen representative's signature. Shovel Transfer & Storage, Inc., 739 A.2d at 138.

We therefore find that the Agreement is a valid and enforceable contract. We will next consider whether Jeffress knowingly and voluntarily waived her Seventh Amendment right to a jury trial when she signed the Agreement.

### B.     Whether Jeffress Knowingly And Voluntarily Waived Her Jury Trial Right

Jeffress argues that even if the Agreement is a valid contract, she did not knowingly or voluntarily waive her Seventh Amendment right to a jury trial. Pl.'s Mem. at 16. Ocwen argues that her signature and waiver were both knowing and voluntary. Def.'s Mem. at 7.

Federal courts apply federal law to determine whether a contractual jury trial waiver is enforceable. Tracinda Corp., 502 F.3d at 222. Even though a private litigant may waive her right to a jury trial in a civil case, courts indulge every reasonable presumption against waiver because the right to a jury trial is fundamental. Id. Since there is a presumption against waiver, the party seeking enforcement of a waiver bears the burden of proving that it was knowingly and voluntarily made. First Union Nat'l Bank v. United States, 164 F. Supp. 2d 660, 663 (E.D. Pa.

5

2001). But see McPeak v. S-L Distribution Co., Inc., 2014 WL 4388562, *5 (D.N.J. Sept. 5, 2014) (Kugler, J.) (unreported) (explaining that while some courts within our Circuit have held that the party seeking enforcement bears the burden, the Third Circuit has not addressed the issue and other Courts of Appeals are split).

      A waiver of the right to a jury trial in a civil case must be made knowingly and voluntarily based upon the facts of the case. Tracinda Corp., 502 F.3d at 222. A waiver is knowing and voluntary when the facts demonstrate that (1) there was no gross disparity in bargaining power between the parties, (2) the parties are sophisticated business entities, (3) the parties had the opportunity to negotiate the contract's terms, and (4) the waiver provision was conspicuous. First Union Nat'l Bank, 164 F. Supp. 2d at 663. We consider these four factors to determine whether Jeffress's waiver was knowing and voluntary.

      First, there was no gross disparity in bargaining power between the parties. Jeffress signed the Agreement while negotiating the details of her future employment with Ocwen in light of its impending acquisition of ResCap. Although there is often a power imbalance between a prospective employer and a prospective employee, that is not the type of gross disparity in bargaining power that would invalidate an otherwise knowing and voluntary waiver.

      Second, the parties are sufficiently sophisticated entities for purposes of executing a waiver of the right to a jury trial. Jeffress is a highly-educated and experienced financial services professional who has a Bachelor's Degree in Business Administration from Temple University and will soon complete her studies for a Master's Degree in Business Administration from DeSales University. Def.'s Mot. Ex. 3 at 1-2 (Brooke Jeffress Resume). Jeffress is sufficiently sophisticated to have understood and executed the Agreement.

Third, Jeffress had an opportunity to negotiate the contract's terms, even if she did not avail herself of it. Ocwen avers that Jeffress was free to negotiate the Agreement before she signed it and that she never revoked it after she signed it. Def.'s Mot. Ex. 1 at ¶¶ 7-8. Jeffress avers that she was asked to sign and return the Agreement the same day she received it and was never told that she could take her time to review it. Pl.'s Mot. Ex. A at ¶¶ 5, 9. The allegedly perfunctory nature of Ocwen's provision of the Agreement to Jeffress does not suggest that she was precluded from negotiating the terms of the Agreement, which she signed in the context of accepting new employment with Ocwen. Further, the Agreement itself required Jeffress to attest to the fact that she had an adequate opportunity to review the document and consult with an attorney or another person of her choosing before signing. Pl.'s Mot. Ex. C. The Agreement is not the type of contract of adhesion or otherwise non-negotiable contract that would invalidate knowing and voluntary waiver.

Fourth, the waiver provision was conspicuous. The employment offer letter specifically flagged the Agreement as a separate document for Jeffress to execute. Pl.'s Mot. Ex. B at 2. The Agreement itself appeared on a single page, in readable and legible typeface, and explained in plain English that Jeffress was waiving her right to a jury trial with respect to any claims, controversies, or disputes arising out of or relating to her employment with Ocwen or separation therefrom. Pl.'s Mot. Ex. C. It was beyond conspicuous.

Jeffress argues generally that her personal circumstances and financial stresses at the time she signed the Agreement should render her waiver unknowing and involuntary. Jeffress avers that she was worried about becoming unemployed in light of her obligations to her young child and her negotiations to buy a new home, but she provides no evidence to suggest that those

7

circumstances precluded her from executing knowing and voluntary contractual waivers. Such argument is further belied by her acceptance of Ocwen's employment offer at the same time.

We therefore find that Jeffress knowingly and voluntarily waived her Seventh Amendment right to a jury trial with respect to any claims or disputes arising out of her employment with, or termination from, Ocwen when she signed the Agreement.

### V. Conclusion

The Agreement is a binding and enforceable contract between Jeffress and Ocwen. Given the facts of this case, and the circumstances under which Jeffress executed the Agreement, we find that she knowingly and voluntarily waived her Seventh Amendment right to a jury trial. We will therefore grant Ocwen's motion to strike Jeffress's jury demand. An appropriate Order follows.

BY THE COURT:

   /s/ Stewart Dalzell, J.
Stewart Dalzell, J.