IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BROOKE JEFFRESS                    :        CIVIL ACTION
                                          :
   v.                                    :
                                          :
OCWEN FINANCIAL CORPORATION   :        NO. 15-6330

OPINION

JACOB P. HART                                                          DATE:   October 26, 2016
UNITED STATES MAGISTRATE JUDGE

      In this employment discrimination case, plaintiff Brooke Jeffers has filed a Motion to Compel Discovery against the defendant, Ocwen Financial Corporation ("Ocwen"). This motion has been referred by the Honorable Stewart Dalzell to the undersigned, in accordance with Local R. Civ. P. 72.1, and 28 U.S.C. §636(b). As set forth below, Jeffers' motion will be granted in part, and denied in part in a separate Order of this date.

I.      Factual and Procedural Background

      Jeffers, an African American woman, has alleged that Ocwen, her former employer, discriminated against her on the basis of race in "downgrading her job title," and terminating her, and then retaliated against her for filing an EEOC complaint in refusing to consider rehiring her for her former job. Ocwen denies these allegations.

      On September 30, 2016, Ocwen filed the present motion to compel document discovery and responses to interrogatories, as detailed below. She also seeks that – to the extent Ocwen claims this to be the case – it be directed to provide a written confirmation that it has made the required diligent inquiry and is not in possession or control of any additional responsive documents or information. Ocwen has responded to this motion. Each request is discussed below.

II.     Relevant Law

In setting forth the law relevant to federal discovery, I can do no better than to quote from the Honorable Lynne A. Sitarski's well-developed explanation:

> [A] party "may obtain discovery regarding any non privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information sought in discovery need not be admissible at trial, as long as it "appears reasonably calculated to lead to the discovery of admissible evidence." Id. Relevance is generally "construed broadly to encompass any matter than could bear on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. Oppenheimer Funds v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).
>
> Pursuant to Rule 37, a party who has received evasive or incomplete answers to discovery requests may move for an order compelling discovery. See Fed. R. Civ. P. 37(a)(1), (4). The moving party bears the initial burden of showing that the requested discovery is relevant. Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). The burden then shifts to the party opposing discovery to articulate why discovery should be withheld. Id. The party resisting production must demonstrate to the court "that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed. R. Civ. P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Young v. Lukens Steel Co., Civ. A. No. 92-6490, 1994 WL 45156 at *2 (E.D. Pa. Feb. 10, 1994) (quotations and citations omitted).
>
> While generally liberal, permissible discovery is not without limitations. Discovery should not serve as a fishing expedition. Upshaw v. Janssen Research & Development, LLC, Civ. A. No. 11-7574 2014 WL 1244047 at *3 (E.D. Pa. Mar. 26, 2014); see also Claude v. Bamberger Int'l v. Rohm & Haas Co., Civ. A. No. 96-1041, 1998 U.S. Dist. LEXIS 11141 at *5-6 (D.N.J. Mar. 31, 1998) ("While the standard of relevancy is a liberal one, it is not so liberal as to allow a party to roam in shadow zones of relevancy and to explore matter which does not appear germane merely on the theory that it might become so") (quoting In re Fontaine, 402 F. Supp. 1219, 1221 (E.D.N.Y. 1975)).

Lafate v. The Vanguard Group, Inc., Civ. A. No. 13-5555, 2014 WL 4384510 at *5 (E.D. Pa. Sep. 5, 2014).

The imposition of unnecessary limitations on discovery is especially to be avoided in Title VII cases. Robbins v. Camden City Board of Education, 105 F.R.D. 49, 56 (D.N.J. 1985). Nevertheless, the scope of discovery is not without limits; the discovery sought must comport with the traditional notions of relevancy and must not impose an undue burden on the responding

party.  Id.  Discovery in disparate treatment cases, such as Jeffress's, have been limited to the work unit of the plaintiff, her job category, the type of action by which she was aggrieved (hiring, promotion, discharge, or other), and the type of discrimination alleged, i.e., age, race or sex.  Id., cited in Lafate, at *9.

III.    Discussion

Before turning to the individual discovery requests, I note that Jeffress's motion will be granted in that Ocwen will be directed to set forth in a formal written discovery response that, after diligent inquiry, it has determined that it is not in possession or control of any responsive documents or information, other than those it has provided, except where it has made a detailed objection.  This does no more than explicitly set forth Ocwen's responsibility under F. Rule Civ. P. 26(g)(1)(A).[1]

1. **Job descriptions for Jennifer Pharo, Christopher Walters, Lynn Curtis, Plaintiff Brooke Jeffress, Kwab Gyasi-Twum, and Jeff Neufeld**

Jeffress's motion will be GRANTED as to this request, as set forth above.  It appears to be a narrowed version of Jeffress's 21st document request, in which she asked for information including job descriptions for:  Jeff Neufeld; Kwab Gyasi-Twum; Plaintiff; any individual who took over, in whole or in part, Plaintiff's duties after her termination from Defendant; and any individual who was involved in the decision to terminate Plaintiff.  Pharo, Walters and Curtis are elsewhere identified by Ocwen as individuals who took over Plaintiff's duties, in whole or in part.  Ocwen's Response at 10.  Jeff Neufeld was Jeffress's direct supervisor.

---

[1] Because Jeffress's discovery deadline has passed, it is no longer relevant that Ocwen replied to many requests: "produce [requested item] at a mutually agreeable date, time and location."  I note, however, that this is not a proper discovery response.  The date, time and location are identical to the discovery due date, as specified by federal rule and/or court order.  Ocwen is not entitled to unilaterally declare that other circumstances are more "mutually agreeable."

3

Ocwen responded: "Defendant objects to a, b and e [Neufeld, Gyasi-Twum and "any individual who was involved in the decision to terminate Plaintiff"] as overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant will produce the job description for Plaintiff's position at a mutually agreeable date, time and location."

Ocwen now argues that it has produced job descriptions for Treasury Analyst, Supervisor and Manager; and Treasury Director, adding: "There is no job description for Vice President Treasury." Jeffress's two job titles were manager of treasury operations, and supervisor of treasury operations. Ocwen has not explained to the Court which of the other titles belong to any of the identified individuals. Nor has it explained why – if it has a "Vice President Treasury", or similar position – that position would not be capable of being described.

As the request is now set forth, it appears reasonably narrowed, relevant, and reasonably calculated to lead to the discovery of admissible evidence. The job descriptions of Jeffress's supervisors (Neufeld and Gyasi-Twum) are not directly relevant to determining who, if anyone, was given Jeffress's job, but they are helpful in understanding the authority held by individuals connected to this case, and they are certainly not burdensome to produce.

**2.    All documents that refer to, relate to, or evidence: (a) any charges, accusations or complaints (both formal and informal, internal or external) of race discrimination and/or retaliation made by any employee or former employee of Defendant within the Treasury Department from January 1, 2009 through the present; (b) any investigation undertaken by Defendant (or someone on Defendant's behalf or at Defendant's request) regarding the same; and (c) any and all actions taken by Defendant as a result of (a) or (b).**

The motion will be GRANTED as it is set forth above. According to Ocwen, the original request was not limited to individuals "within the Treasury Department." Response at 4. Ocwen objected to the request as "overbroad, irrelevant and not reasonably calculated to lead to the

4

discovery of admissible evidence as it is not limited to the relevant employment unit and/or decision makers.

There is merit to Ocwen's suggestion that the original request was overly broad in that it was not limited to the relevant employment unit. Now that it is so limited, it is clearly relevant. Even though it is not limited to any specific decision maker, it is reasonably calculated to obtain a broad picture of the Treasury Department's history with, and response to, charges of race discrimination. As phrased above, the request is not unduly burdensome.

3. **All documents that refer to, relate to, or evidence: (a) any charges, accusations or complaints (both formal and informal, internal or external) made by any employee or former employee of Defendant, that either directly or indirectly references, mentions or complains of Jeff Neufeld (Plaintiff's second-level supervisor and the decision maker for the termination); (b) any investigation undertaken by Defendant (or someone on Defendant's behalf or at Defendant's request) regarding the same; and (c) any and all actions taken by Defendant as a result of (a) or (b).**

The motion will be GRANTED IN PART and DENIED IN PART with respect to this request. It seeks material reasonably calculated to lead to the discovery of admissible evidence only to the extent that it pertains to complaints of discrimination or retaliation which reference Jeff Neufeld.

4. **The contents of the personnel or other files relative to the following individuals, including, without limitation, files maintained by or in the possession of Defendant's personnel department, human resources department, and/or supervisors: Jeff Neufeld; Kwab Gyasi-Twum; any individual who took over, in whole or in part, Plaintiff's duties after her termination from Defendant; any individual who was involved in the decision to terminate Plaintiff; any individual who took over in whole or in part any of Plaintiff's duties after Plaintiff's demotion and/or change in job title on or about October 8, 2013; each and every individual who, between January 1, 2009, and the present, made an accusation, charge or complaint (internal and external, informal or formal) of discrimination and/or retaliation against Defendant; and all other individuals listed in Plaintiff's Initial Disclosures. (This request does not seek confidential medical information or QDRO-related information, and any personal information can and should be redacted).**

The motion will be DENIED as it pertains to this request.  Personnel files may be discoverable, but their disclosure must be limited.  Chiaradonna v. Rosemont College, Civ. A. No. 06-1015, 2006 WL 3742777 at *2 (E.D. Pa. Dec. 11, 2006).  Discovery of personnel records is usually permitted only for parties or similarly situated individuals, and even in these case, courts have tailored the disclosure to the relevant issues.  Id., and see Saller v. QVC, Inc., Civ. A. No. 15-2279, 2016 WL 4063411 at *4 (E.D. Pa. Jul. 29, 2016), citing Apollo v. Pa. Convention Center Authority, Civ. A. No. 11-6684, 2013 WL 6795978 (E.D. Pa. Dec. 23, 2013) ("[D]iscovery of personnel files must be limited to documents relevant to the plaintiff's claims because of the confidential information within these files"); Upshaw v. Janssen Research & Dev'p, LLC, Civ. A. No. 11-7574, 2014 WL 1244047 at *3 (E.D. Pa. Mar. 26, 2014) (also citing Apollo).

5. **All documents that refer to, relate to, evidence, or support any factual denials or affirmative defenses asserted by Defendant in this matter.**

The motion in this respect will be DISMISSED AS MOOT.  Ocwen represents in its Response that it has already produced all responsive document "without identifying counsel's evaluation of the evidence."  It can thereby be said that Ocwen has certified that it has produced all responsive documents which are not protected by the attorney-client privilege, subject to its obligation to supplement its response in a timely manner if it learns that the disclosure is incomplete or incorrect.  Fed. R. Civ. P. 26(e)(1)(A).

6. **All e-mails and documents from the period of January 1, 2012 through the present that include any of the following terms: "Brooke" and/or "Jeffress" w/50 "race", "black", "african", "demot"; "term*", "perform*", "violat*", "fire*", "disciplin*", "retal*", "discriminat*", "harass", "Kwam", "Gyasi", "investigat*", "complain*", "appli*", "apply," or "posted."**

The motion will be GRANTED as it pertains to this request.  In its Response, Ocwen writes that "Plaintiff refused to identify any custodian for whom she requested these documents.

6

Ocwen has over 2600 employees, and an average turnover rate of almost 25% for the past three years.  Ocwen cannot be required to search the electronically stored information of every current or former employee, nor is it required to do the work of Plaintiff's counsel in litigating this case by developing Plaintiff's discovery strategy or drafting her discovery requests."

Ocwen can, however, be required to develop its own strategy for executing a reasonable "diligent inquiry," as required by Rule 26.  Since it has not done this, I direct Ocwen to search the electronically stored information within its possession or control for every individual known to have worked in the same department, and at the same time, as Jeffress, and during the time during which it sought to fill the post which Jeffress has specified that she alleges was "her previous position."  Ocwen is also directed to search the electronically stored information in its possession or control for every individual who does not fall within the above category, but whom it knows to have been involved in all employment decisions regarding Jeffress, at any level.

7. **All e-mails and documents to and from Jeff Neufeld, from the period of January 1, 2011, through the present, that include any of the following terms:  "Brooke"; "Jeffress", "race", "black", "term*", "fire"; "disciplin*"; "retaliat*"; "discriminat*"; "complain"; "investigat*"; or "EEO."**

The motion is GRANTED as to this request.  Ocwen represents in its Response that it has produced all responsive documents "that are relevant or reasonably calculated to lead to the discovery of admissible evidence."  Response at 15.  This suggests that Ocwen may have held back responsive material which it unilaterally decided was "irrelevant."  As the request as a whole has now been deemed to seek material which is "relevant or reasonably calculated to lead to the discovery of admissible evidence" Ocwen is directed to disclose all responsive material, except that which it identifies to Jeffress as withheld by reason of privilege.

8. **The date and time when the decision to terminate Plaintiff's employment was made.**

The motion will be GRANTED as to this request. In its discovery response, Ocwen wrote: "The specific date and time when the decision to terminate Plaintiff's employment was made is unknown." It has not expanded on this answer in its response to Jeffress's motion. This answer is inadequate and appears to be obstructive. Ocwen may be unable to identify the moment the idea was sparked in an individual's synapses, but it can certainly identify the earliest information in its possession or control with respect to the decision.

9. **Each and every specific, legitimate, nondiscriminatory reason as to why Plaintiff was demoted and/or had her job title changed on or about October 8, 2013, and the complete factual bases for the same.**

Jeffress's motion will be DENIED with respect to this interrogatory. Ocwen responded: "Defendant denies that Plaintiff was demoted. In the wake of Ocwen's purchase of or merger with three separate companies, Defendant conducted a review of the disparate titles among the four organizations and conducted a company-wide process to level the titles throughout the combined entity to match actual job duties, responsibilities and management structure."

Jeffress has not explained how this response is lacking, and it is not immediately apparent. I am therefore unable to grant any relief in this regard.

10. **The date, time, and location of any meetings where the decision of whether or not to demote Plaintiff and/or change Plaintiff's job title was discussed, and each and every individual present at the meetings.**

Jeffress's motion will be DENIED with respect to this interrogatory. In its discovery response, Ocwen wrote: "Defendant denies that Plaintiff was demoted. Discussions between Human Resources and/or Jeff Neufeld regarding the change to Plaintiff's job title would have occurred between January 1, 2013 and October 13, 2013." It represents here that it has no more specific information than this.

I note that Ocwen has been directed to certify in writing that, after diligent inquiry, it has determined that it is not in possession or control of any responsive documents or information, other than those it has provided, except where it has made a detailed objection. Assuming that this is the case with respect to this interrogatory, no further relief is available.

11. **The name, job title, direct supervisor, sex, date of birth, date of hire, and, if applicable, date of termination and reason(s) for termination, for each and every person who, following Plaintiff's termination, performed any of the work and/or duties previously performed by Plaintiff prior to her termination.**

The motion will be GRANTED IN PART with respect to this interrogatory. Ocwen responded:

> Defendant objects to this interrogatory as overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence as gender and age are not at issue in this case. Subject to those objections and without waiving same, Defendant states that some of the work and/or duties previously performed by Plaintiff was performed by Lynn Curtis, Jennifer Pharo and/or Christopher Walters after Plaintiff's separation.

Response at 17.

Indeed, gender and age are not at issue in this race discrimination case. For that reason, Ocwen need not identify the sex and date of birth for the individuals it has named. However, it was also asked for the job title, direct supervisor, date of hire, and (if applicable) date of termination, and reason for termination for each person. These should be provided.

12. **The name, date of birth, sex, race, title, date of hire, and, if applicable, date of and reason(s) for termination of employment for each and every individual who reported, directly or indirectly, to Jeff Neufeld from January 1, 2009 through the present.**

The motion will be GRANTED IN PART as to this request. Ocwen has already provided a list of thirteen individuals, who "reported directly or indirectly to Jeff Neufeld at some times in 2013 and 2014", and has identified the race of each individual. It objected, however, that gender

and age were not related to the case, and that the time period identified exceeded the period of Jeffries' employment.

Again, Ocwen need not give the sex and date of birth for these individuals. However, it should provide job title, date of hire, and – if applicable – date of, and reason for, termination of employment. Further, the time period identified by Jeffress might be relevant to establishing whether or not a racially discriminatory pattern can be identified. Nor is it so broad as to make compliance unnecessarily burdensome. Ocwen is therefore directed to identify any individuals who reported to Jeff Neufeld from 2009, who have not been identified.

IV. Conclusion

An appropriate order is filed concurrently with the foregoing Opinion, in which Ocwen is given 14 days to provide the information identified above.

BY THE COURT:

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE